IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FLORENCE WOLFE

v. : Civil No. CCB-10-2606

CAREFIRST OF MARYLAND, INC.

**MEMORANDUM**

This suit arises from plaintiff Florence Wolfe's contention that defendant CareFirst of Maryland wrongfully denied her health insurance claims. Ms. Wolfe initially filed suit in the U.S. District Court for the Eastern District of Texas in September 2009, and the case was transferred to the U.S. District Court for the District of Maryland in September 2010. Ms. Wolfe passed away in December 2010 while the case was still pending before this court, and Edward Wolfe, Ms. Wolfe's son and the executor of her will, now seeks to substitute himself as plaintiff. Now pending are Mr. Wolfe's motions to substitute plaintiff, motion to compel the production of documents, and motion to amend the scheduling order. Also pending are CareFirst's motion to quash and strike deposition noted by non-party and motion to quash and strike the plaintiff's motion to compel. The matter has been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, Mr. Wolfe's motions to substitute plaintiff and amend the scheduling order will be granted. Mr. Wolfe's motion to compel and CareFirst's motions to quash will be denied as moot. A new scheduling order will be issued.

**Background & Analysis**

After a battle with Alzheimer's disease, Ms. Wolfe passed away on December 8, 2010,

while her suit against CareFirst was pending before this court.  On June 14, 2011, CareFirst filed a suggestion of death pursuant to Federal Rule of Civil Procedure 25.  On June 30, 2011, Edward Wolfe filed a motion to substitute himself as the plaintiff, attaching the official record of Ms. Wolfe's death, Ms. Wolfe's will, which designated him as the independent executor, and an affidavit declaring himself to be Ms. Wolfe's sole heir and the executor of her estate.  CareFirst opposed the substitution motion, and Mr. Wolfe subsequently filed a supplemental motion, attaching the order of the Probate Court of Collin County, Texas which admitted Ms. Wolfe's will to probate, appointed Mr. Wolfe as the independent executor, and granted letters testamentary to Mr. Wolfe.

CareFirst has made a number of arguments as to why this court should deny Mr. Wolfe's motion to substitute, but none of them are persuasive in light of the supplemental documentation that has been presented.  Among other things, CareFirst argues Mr. Wolfe failed to comply with Rule 25(a), which governs the substitution of parties following the death of a party.  To the contrary, Mr. Wolfe's motion conforms to all the requirements of Rule 25: Mr. Wolfe moved for substitution within 90 days of the suggestion of death, and he is a proper party to do so.  Rule 25(a) states that a "motion for substitution may be made by any party or by the decedent's successor or representative."  Fed. R. Civ. P. 25(a).  Mr. Wolfe has filed documents with this court demonstrating that he is the official executor of his mother's will.  This is sufficient.  *See*, *e.g., In re Baycol Products Litig.*, 616 F.3d 778, 782-83 (8th Cir. 2010) (noting that the implementation of Rule 25 expanded the parties who may move for substitution such that those parties include, but are no longer limited to, "an administrator or executor of a decedent's estate"); *Sinito v. U.S. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) ("[W]e have held . . . an executor or administrator of a decedent's estate is a proper party for substitution . . . .");

*Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (noting that proper parties to move for substitution under Rule 25(a)(1) include parties to the litigation, legal successors to the decedent, and representatives of the estate).

CareFirst also argues that Mr. Wolfe should not be permitted to substitute as plaintiff because the rights he possessed as his mother's attorney-in-fact expired upon her death. It is true that the authority conferred by attorney-in-fact status terminates upon the death of the principal, but Mr. Wolfe would not be substituting for his mother in the capacity of an attorney-in-fact. Rather, he seeks to continue his mother's pending litigation under Maryland laws that specifically empower him to do so.

"It is well-settled law in Maryland . . . that a cause of action at the time of death survives the death of a person." *Jones v. Prince George's County, Md.,* 541 F. Supp. 2d 761, 764 & n.6 (D. Md. 2008) *aff'd,* 355 F. App'x 724 (4th Cir. 2009). Maryland's so-called "survival statute" provides that "a cause of action at law, whether real, personal, or mixed, survives the death of either party." Md. Code Ann., Cts. & Jud. Proc. § 6-401. As the Court of Appeals of Maryland has noted, "[t]his 'survival' statute changes the common law rule under which causes of action possessed by a person abated upon the death of that person." *Jones v. Flood*, 351 Md. 120, 122-23 (1998). Moreover, under Maryland Code § 7-401 of the Estates and Trusts Article, a personal representative "may prosecute, defend, or submit to arbitration actions, claims, or proceedings in any appropriate jurisdiction for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted." Md. Code Ann., Est. & Trusts § 7-401(y).

Mr. Wolfe squarely fits the definition of personal representative as set forth in the relevant Maryland statutes. Indeed, the very statute which empowers a personal representative to

prosecute claims on behalf of a decedent defines "personal representative" to "include[] an executor or administrator." Md. Code Ann., Est. & Trusts § 1-101(q). As the executor of Ms. Wolfe's estate, Mr. Wolfe has the authority to continue her litigation against CareFirst.

For all the above reasons, this court will grant Mr. Wolfe's motions to substitute as plaintiff. The court will grant Mr. Wolfe's motion to amend the scheduling order and deny as moot Mr. Wolfe's motion to compel and CareFirst's motions to quash.

A separate Order follows.

<u>November 30, 2011</u>       <u>/s/</u>_____
Date      Catherine C. Blake
     United States District Judge